IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GABB, K56693, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00090-JPG |
| ) | |
| TRAN, ) | |
| LITHERLAND, ) | |
| MS. MILLS, ) | |
| MS. ABELL, and ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Tyrone Gabb, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he was denied dental care for a fractured tooth by dental staff at Lawrence in 2019. (Doc. 1, pp. 7-21). After waiting five months for proper dental care that included tooth restoration, he agreed to have the tooth extracted. (*Id*.). Plaintiff now brings an Eighth Amendment medical deliberate indifference claim against the defendants. (*Id*.). He seeks money damages. (*Id*. at p. 21).

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 7-21): Plaintiff's tooth fractured on April 7, 2019, and he submitted numerous written requests for dental treatment between April 7, 2019 and May 1, 2019. (*Id*. at p. 7). Dr. Tran and Dental Assistant Abell met with him on May 1, 2019. After examining Plaintiff's tooth, Dr. Tran agreed that it was fractured but could be restored. (*Id*.). The dentist informed Plaintiff that he would have to wait three months for another appointment. (*Id*.). Plaintiff objected. (*Id*.). He explained that he could not wait that long because of pain caused by contact with air, water, and food. (*Id*.). Dr. Tran refused to move the appointment forward or provide Plaintiff with pain relievers in the meantime. (*Id*.).

Plaintiff renewed his request for dental treatment in July 2019 by filing several more written requests for treatment. (*Id*. at p. 8). He complained about the fractured tooth, pain, bleeding, and a smell. (*Id*.). He received no response. (*Id*.).

On August 13, 2019, Plaintiff was finally called in for an appointment with Dr. Litherland, another dentist at Lawrence. (*Id*. at p. 8). After examining Plaintiff's tooth, Dr. Litherland agreed that it was fractured and could be restored. (*Id*.). Like Dr. Tran in April, Dr. Litherland told Plaintiff that he would have to wait for treatment. (*Id*.). When Plaintiff objected to any further delay in treatment, Dr. Litherland and Dental Assistant Mills offered to pull the tooth instead. (*Id*.). Plaintiff declined the offer because his tooth was restorable. (*Id*.). When Plaintiff complained of pain, they sent him away without treatment. (*Id*.). Plaintiff immediately submitted another written request for dental treatment and pain medication. (*Id*.).

On August 23, 2019, he was called in for another appointment. (*Id*. at p. 9). At this appointment, Dr. Tran acknowledged Plaintiff's need for dental care and pain medication, but informed Plaintiff that he would have to wait another four months for any treatment. (*Id*.).

2

Hearing this caused Plaintiff significant distress. (*Id*.). He agreed to have the tooth pulled by Dr. Litherland on August 30, 2019. (*Id*.). Plaintiff claims that Wexford Health Sources encouraged its dentists to delay treatment and push extraction over restoration as a cost-saving measure. (*Id*. at p. 14).

Based on the allegations, the Court finds it convenient to designate the following counts in the *pro se* Complaint:

> **Count 1:**  Eighth Amendment deliberate indifference claim against Defendants Tran, Litherland, Abell, and Mills for failing to treat Plaintiff's fractured tooth and his related pain from April 7, 2019, until August 30, 2019, resulting in significant pain and extraction of his restorable tooth.
>
> **Count 2:**  Eighth Amendment deliberate indifference claim against Wexford Health Sources for its unconstitutional policy or practice of delaying treatment and encouraging tooth extraction over restoration as a cost-saving measure.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. Plaintiff asserts that Defendants violated his rights under the Eighth Amendment when they delayed or denied treatment for his fractured tooth and caused him to suffer unnecessary and prolonged pain between April 7, 2019 and August 30, 2019. (Doc. 1, pp. 7-21). To state a claim for inadequate dental care under the Eighth Amendment, Plaintiff must show that he suffered from an objectively serious medical condition and that each individual defendant was deliberately indifferent to the condition. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (citations omitted). The allegations satisfy both elements of the claims against the defendants.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

The objective element is satisfied. Tooth decay and fractures can constitute an objectively serious medical condition because of the pain and risk of infection they cause. *Id.* (citing *Board v. Farnham*, 394 F.3d 469, 480-81 & n.4, 482-83 (7th Cir. 2005); *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) (tooth cavity presented serious medical condition)).

The subjective element is also satisfied as to each defendant. As for Drs. Tran and Litherland, a medical provider's significant delay in effective treatment can constitute deliberate indifference, particularly where the delay causes prolonged pain and suffering. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). The allegations suggest that both dentists delayed Plaintiff's tooth restoration, resulting in unnecessary pain and loss of his tooth. Count 1 shall proceed against Drs. Tran and Litherland.

As for Dental Assistants Abell and Mills, the allegations suggest that both individuals were aware of Plaintiff's fractured tooth and untreated pain but simply deferred to the judgment of each dentist. "Blind" or "unthinking" deference to the judgment of a doctor may rise to the level of deliberate indifference where it is apparent that the doctor's judgment or inaction will harm the patient. *See Berry*, 604 F.3d at 443. Whether the dental assistants' deference was justifiable under the circumstances remains to be seen. Count 1 shall receive further review against both Abell and Mills.

With regard to Wexford, Plaintiff's allegations suggest that the private medical corporation may have had a policy or practice of encouraging staff to delay necessary dental care or to push tooth extraction over restoration – as cost-saving measures. This policy or practice may amount to deliberate indifference. Count 2 shall receive further review against Wexford.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  A district court presented with a request for counsel by a *pro se* prisoner litigant must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). Although Plaintiff has demonstrated reasonable efforts to locate counsel, the Court is not persuaded that he requires counsel. He cited no impediments to self-representation beyond a limited education. However, his pleadings are well-organized and well-written. The Complaint survives screening. Given that this case presents two straightforward Eighth Amendment dental claims that arose at the facility where he is currently incarcerated, Plaintiff appears capable of representing himself. Should his situation change, Plaintiff may renew his request by filing a new motion.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under Section 1915A. **COUNT 1** will proceed against Defendants **TRAN, LITHERLAND, ABELL,** and **MILLS**, and **COUNT 2** will proceed against **WEXFORD HEALTH SOURCES, INC. Because Counts 1 and 2 arise from the alleged denial of dental care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

The Clerk of Court shall prepare for Defendants **TRAN, LITHERLAND, ABELL, MILLS,** and **WEXFORD HEALTH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and

5

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his

whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/7/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.