UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYRONE GABB,

    Plaintiff,

  v.

QUANG TRAN, MARK LITHERLAND,
STEPHANIE MILLS, AMY ABELL, and
WEXFORD HEALTH SOURCES, INC.

    Defendants.

Case No. 20-cv-90-JPG

**MEMORANDUM AND
ORDER ASSIGNING COUNSEL**

    This matter comes before the Court on plaintiff Tyrone Gabb's motion for recruitment of counsel (Doc. 79) and motion to stay briefing on the pending motion for summary judgment (Doc. 83).

    Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis. Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept assignments, provided an assignment is not made more than once during a 12-month period, and Local Rules 83.8 to 83.14 describe the Court's *pro bono* program and procedures.

    In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so

and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

Gabb, who is indigent, has demonstrated reasonable efforts to obtain counsel on his own by reaching out to a legal assistance group that often litigates prisoner cases, contacting an attorney who has represented him in the past, and contacting a large law firm known for their *pro bono* efforts. He has had no success. And while Gabb appears to be intellectually able to litigate this case himself—indeed, his filings rival those of some licensed attorneys in their quality—the need to conduct discovery of confidential materials that the defendants claim risk institutional security should Gabb examine them carefully may be preventing him from adequately litigating this case. Thus, the presence or absence of counsel may have a reasonable probability of affecting the outcome of this case. Accordingly, the Court **GRANTS** the motion for recruitment of counsel (Doc. 79).

Therefore, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(i) and 83.9(b), attorney Robert J. Evola of Holland Law Firm, St. Louis, MO, is **ASSIGNED** to represent Gabb in this case. On or before April 14, 2023, assigned counsel shall enter his appearance. Attorney Evola is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also work on the case.

Plaintiff should wait for the attorney to contact him in order to allow counsel an opportunity to review the court file.  The Clerk is **DIRECTED** to transmit a copy of this Order, along with the Complaint (Doc. 1), the Court's preliminary review order (Doc. 11), the Scheduling and Discovery Order (Doc. 54), the Protective Order (Doc. 56), the pending motion for summary judgment and memo in support (Docs. 80 & 81), and a copy of the docket sheet to Attorney Evola. The electronic case file is available through the CM-ECF system.

In light of the assignment of counsel, the Court **ORDERS** that Gabb shall have up to and including May 15, 2023, to respond to the defendants' summary judgment motion.  Further, if necessary, the Court would entertain a motion from newly assigned counsel for a further extension of the summary judgment response deadline as well as a motion to continue the final pretrial conference and trial, currently scheduled for June 8, 2023, and June 26, 2023, respectively.  This order renders **MOOT** Gabb's motion for a stay (Doc. 83).

**IT IS SO ORDERED.**
**DATED:  March 30, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**